SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

October 29, 2018

Carlos Ortiz
SBI No. 00485068
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> **RE:   *State of Delaware v. Carlos Ortiz***
> ***Def. ID No. 0208005710***

Dear Mr. Ortiz:

This is my decision on your Tenth Motion for Postconviction Relief. You have

previously filed nine motions for postconviction relief. I have denied each and every

one of them. You now allege, and not for the first time, that the State committed both

*Brady* and *Jencks* violations. You argue that due to these violations the State

relinquished the power to prosecute you for your crimes under *Class v. United*

*States*.[1] When reviewing a motion for postconviction relief, this Court must first

consider the procedural requirements before addressing any substantive issues.[2]

---

[1] 138 S.Ct. 798 (2018).

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

Superior Court Criminal Rule 61 provides that a motion for postconviction relief may not be filed more than one year after judgment of conviction is final.[3] For purposes of your motion, your conviction became final 30 days after the Delaware Supreme Court affirmed your convictions on January 15, 2004. Therefore, your last day to file your postconviction relief motion was February 15, 2004. You filed this Motion for Postconviction Relief on October 15, 2018, which is over fourteen years after the cut-off date. Thus, your Motion for Postconviction Relief is time-barred.

Rule 61(i)(5) states that the bars to relief "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Rule 61(d)(2)(i) states that a movant needs to plead "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he is convicted." Rule 61(d)(2)(ii) states that a movant needs to plead "with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or

---

[3] Your Motion for Postconviction Relief falls under the current version which went into effect on June 4, 2014.

death sentence invalid." You have not raised any facts that would entitle you to the benefit of these procedural bars.

You have attempted to circumvent the procedural bars to your motion by arguing that *Class* created a retroactive right that suggests the State lost the power to prosecute you for your crimes due to its alleged *Brady* and *Jencks* violations. You are wrong. In *Class*, the defendant, who pled guilty to a criminal offense, challenged the constitutionality of the statute for which he was convicted. The federal government contended that by pleading guilty the defendant waived his right to challenge the constitutionality of his conviction. The United States Supreme Court held that the defendant's guilty plea did not waive his right to appeal his constitutional claims.[4] That is not the situation here. You did not plead guilty. You were found guilty at trial by a Superior Court jury. You were not precluded from appealing and raising the constitutionality of any of your claims. Indeed, you filed a direct appeal and thereafter numerous meritless postconviction claims. You were afforded a full and fair opportunity to raise any and all of your claims previously.

---

[4] 138 S.Ct. 798 (2018).

You are now procedurally barred. Therefore, I have denied your Tenth Motion for Postconviction Relief.

**IT IS SO ORDERED.**

Very truly yours,

E. Scott Bradley

ESB/tll

cc: Prothonotary's Office